UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JERRY LEE CHILTON #105810 ) | |
| ) | |
| v ) | NO. 2:04-CV-269 |
| ) | |
| THOMAS WHITE, JIM THRASHER, ) | |
| JOHN WILDER, JAMES NAIFEH, ) | |
| and BARBARA REID ) | |

## **MEMORANDUM and ORDER**

Jerry Lee Chilton, a prisoner in the Northeast Correctional Complex in Mountain City, Tennessee, brings this *pro se* civil rights action under 42 U.S.C.§ 1983, seeking declaratory and monetary relief for alleged abridgments of his constitutional rights. He is **ASSESSED** the civil filing fee of one hundred, fifty dollars ($150.00).[1] The custodian of his inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to his account or

---

[1] The filing fee was increased to $250 on February 7, 2005. The plaintiff is being assessed the old filing fee since he filed this case before the fee-increase.

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $150.00 filing fee has been paid in full.[2] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The plaintiff alleges, in his complaint, that he was convicted and sentenced to a life term as an habitual criminal; that the Parole Eligibility Review Board had a statutory duty to compare his current release eligibility date with the release eligibility date he would have received if he had been convicted and sentenced for the triggering offense under the Sentencing Reform Act of 1989;[3] that if the latter date was earlier than his current release eligibility date, then the Parole Eligibility Review Board was authorized to amend his release eligibility date to the earlier one; and that, although the Board granted him a review of his sentence, it chose not to

---

[2] Send the payments to: Clerk, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743

[3] The Parole Eligibility Review Board was created in 1992 and its authority ended on July 1, 1993. *See Chilton v. Mills*, 2004 WL 1713082, * 1 n.3 (Tenn. Crim. App. July 30, 2004), *perm. to app. denied*, (Tenn. 2004).

modify his release eligibility date. According to the plaintiff, that choice arose out of a conspiracy on the part of the defendants, all members of the Parole Eligibility Review Board, to deprive him of the benefits of a modified release date, based on the fact that the offense which triggered the Habitual Criminal charge against him was a crime of violence.

To state a viable § 1983 claim, a plaintiff must allege: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978). The first element is the one that is missing here.

First of all, prisoners have no federal constitutional right to parole, *see Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 7 (1979), and Tennessee law does not create a liberty interest in parole eligibility either. *See Wright v. Trammell*, 810 F.2d 589, 590-91 (6th Cir.1987). Absent an inherent constitutional right to parole or a protected liberty interest created by state law, the plaintiff has no due process claim based upon the denial of an earlier parole eligibility date.

Secondly, "conspiracy claims must be pled with some degree of specificity," *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987), and cannot be

3

based on naked assertions of a conspiracy. The plaintiff has presented no allegations of fact and no proof to support his conspiracy claims and, thus, his bare and conclusory allegations do not state a viable § 1983 claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

Moreover, for the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Under the facts as presented by plaintiff the last possible date of accrual of his claims would have been in July of 1993.[4] The record indicates that this action was filed on July 22, 2004, some eleven years past the statutory time limit for assertion of his claims. Accordingly, even if a constitutional claim had been stated in the complaint, it would have been time barred.

To the extent that the complaint asserts any state law claims that have not already been resolved against the plaintiff in his state habeas action, *see Chilton*, 2004

---

[4] By letter, dated June 30, 1993, the plaintiff was informed that the Parole Eligibility Review Board had met and had decided not to consider granting him a new release eligibility date. (Compl., Attachment).

4

WL 1713082, at * 1 (refusing to grant the plaintiff relief upon his claim that "the Parole Eligibility Review Board erred by not modifying his release eligibility date"), the Court **DECLINES** to exercise supplemental jurisdiction over them as he has not stated any federal claims whatsoever. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Any such a state law claim is **DISMISSED WITHOUT PREJUDICE**. 28 U. S. C. § 1367(c)(3).

Accordingly, because the plaintiff has failed to state a claim that would entitle him to relief under § 1983, his lawsuit will be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

A separate order will enter.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE